WILLIAM H. PHILLIPS, PLAINTIFF IN ERROR, *v.* GEORGE PAGE.

In a patent taken out by Page for certain improvements in the construction of the portable circular saw-mill, he claimed the manner of affixing and guiding the circular saw, by allowing end play to its shaft, in combination with the means of guiding it (the saw) by friction rollers, embracing it near its periphery, so as to leave its centre entirely unchecked laterally.

An instruction by the court below, that the claim was as stated above, but adding "in a saw-mill capable of being applied to the sawing of ordinary logs," was erroneous.

Although the improvements of the patentee may have enabled the machine to be applied to the purpose of sawing logs, when before it was applied only to the purpose of sawing light materials, such as shingles, and blinds for windows, yet there is nothing in the patent to distinguish the new parts of the machine from the old, or to state those parts which he had invented, so as to enable the machine to saw logs.

The patent law does not require the defendant to give notice of the time when any person may have possessed the knowledge or use of the invention in question, but only of the name of the person and of his place of residence, and the place where it has been used.

An instruction of the court below, making the time material, was therefore erroneous.

THIS case was brought up by writ of error from the Circuit Court of the United States for the northern district of New York.

*Phillips* v. *Page.*

The principal question related to the construction of Page's patent for improvements in the construction of a portable circular saw-mill, the circumstances of which are stated in the opinion of the court. Under the instructions of the court below, the jury found a verdict for Page, with $50 damages, and $466.14 costs. The bills of exception are stated in the opinion of the court.

It was submitted on printed arguments by *Mr. Keller* for the plaintiff in error, and *Mr. Reverdy Johnson* and *Mr. Latrobe* for the defendant.

The arguments upon the points in the case are omitted, as not being likely to interest the profession generally.

Mr. Justice NELSON delivered the opinion of the court.

This is a writ of error to the Circuit Court for the northern district of New York.

The suit was brought in the court below by Page, the defendant in error, to recover damages for the infringement of a patent for certain improvements in the construction of the portable circular saw-mill. After describing minutely the different parts, and manner of constructing the machine, with drawings annexed, and also the use and operation of the respective parts, the patentee sets forth the particular portion of the construction which he claims as his own, as follows:

" I claim the manner of *affixing and guiding the circular saw, by allowing end-play to its shaft, in combination with the means of guiding it (the saw) by friction rollers, embracing it near its periphery, so as to leave its centre entirely unchecked laterally.* I do not claim the use of friction rollers, embracing and guiding the edge of a circular saw, as these have been previously used for that purpose; *but I limit my claim to their use, in combination with a saw having free lateral play at its centre.*"

Evidence was given on the part of the defendant, in the course of the trial, tending to prove that, long before the time of granting the plaintiff's patent, and before the date of his invention, machines for sawing shingles from short blocks of

timber, and sawing lath and blinds for windows, with circular saws, varying in size from ten to thirty inches in diameter, had been in public use; in which machines the circular saw was **guided** by means of guide-pins, embracing it (the saw) near the periphery, and its shaft having end-play, and being entirely unchecked laterally ; but it did not appear that such machines had been used in a saw-mill for sawing timber, or in a mill, or a machine of a size or character adapted to the sawing of ordinary logs, or other large unsawed timbers.

When the evidence closed, the defendant's counsel prayed the court to charge the jury, that according to the true construction of the patent, the claim is for the manner of affixing and guiding the circular saw, by allowing end-play to its shaft, in combination with the means of guiding it by friction rollers, embracing it near its periphery, so as to leave its centre entirely unchecked laterally.

But the court refused so to charge, and instructed the jury that the claim was limited to the manner of affixing and guiding the circular saw, by allowing end-play to its shaft, in combination with the means of guiding it by friction rollers, embracing it near its periphery, so as to leave its centre unchecked laterally, *in a saw-mill capable of being applied to the sawing of ordinary logs.*

And in refusing another prayer, the court charged, that in order to defeat the plaintiff's patent by the use of prior machines of this construction, they must have been machines for the purposes of sawing in mills of a size and character adapted to the sawing of ordinary logs.

There can be no doubt but that the improvements of the patentee in the manner of constructing the portable circular saw-mill described in his specification were designed to adapt it to the sawing of logs in a saw-mill, and which could be carried from place to place, and put into operation by the use of horse-power; and it may very well be, if he had set up in his claim the improvements or particular changes in the construction of the old machine, so as to enable him to adapt it to the new use, and one to which the old had not and could not have been applied without these changes, the patent might

*Phillips* v. *Page.*

have been sustained. The utility is not questioned, and, for aught there appears in the case, such improvements were before unknown, and the circular saw-mill for sawing logs the first put in successful operation.

But no such claim is set up by the patentee; nor does he distinguish in the description of the parts of the machine, nor in any other way, the old from the new, or those parts which he has invented or added in its adaptation to the use of sawing logs, not before found in the old machine for sawing shingles, blinds for windows, and other light materials. On the contrary, his claim is for the precise organization of the old machine, namely, the manner of affixing and guiding the circular saw, by allowing end-play to its shaft, in combination with the means of guiding it by friction rollers, embracing it near to its periphery, so as to leave its centre entirely unchecked laterally. There is nothing new in this combination. It had long been known and used in the circular saw for sawing timbers of smaller dimensions than an ordinary saw-log. Nor does the enlargement of the organization of the machine compared with the old one, (the same being five feet in diameter, and the other parts corresponding,) afford any ground, in the sense of the patent law, for a patent. This is done every day by the ordinary mechanic in making a working machine from the patent model.

The patentee in the present case must carry his improvements farther, in order to reach invention; he must contrive the means of adapting the enlarged old organization to the new use, namely, the sawing of saw-logs, and claim, not the old parts, but the new device, by which he has produced the new results.

The learned judge, by interpolating the new purpose of the improvement, namely, the sawing of logs, not only inserted what was not specified in the claim; but, if it had been, it would not have helped out the difficulty, as it was in effect, upon the construction given, simply applying an old organization to a new use, which is not a patentable subject.

The defect here is both in the specification and in the claim

The former does not distinguish the new parts from the old, nor is there anything in the specification by which they can be distinguished; and the latter, instead of claiming the old parts, should have excluded them, and claimed the new, by which the old were adapted to the new use, producing the new result.

We are also of opinion the court below erred in rejecting the evidence of the witness as to the prior knowledge and use of the improvement of the patentee.

The 15th section of the patent law provides, that when the defendant relies in his defence on the fact of a previous invention, knowledge, or use of the thing patented, he shall give notice of the names and places of residence of those whom he intends to prove possessed the prior knowledge, and where the same was used.

In this case, the notice stated that Hiram Davis, who resides at Fitchburg, Massachusetts, had knowledge of the said improvement, and of the use thereof at that place, during the years 1836, 1837, 1838, &c., and that he resided there.

The court, on objection, refused to allow a witness to prove the use of the improvement by Davis prior to the year 1836 at Fitchburg, holding that the notice limited it within that time.

Notice of the time when the person possessed the knowledge or use of the invention is not required by the act; the name of the person, and of his place of residence, and the place where it has been used, are sufficient.

The time, therefore, was not material; nor could it have misled the plaintiff, as he had the name and place of residence of the person, and also the place where the improvement had been used.

With this information of the nature and ground of the defence, the plaintiff was in possession of all the knowledge enabling him to make the necessary preparation to rebut that the defendant possessed to sustain it.

Judgment reversed and venire.