HOLLIDAY and others *v.* PICKHARDT and another.[*]

*(Circuit Court, S. D. New York.* March 11, 1882.)

1. PATENTS FOR INVENTIONS—DECISION OF PATENT-OFFICE.

The decision of the patent-office in an interference, that the product claimed in a patent can be produced by following the directions contained in the specification, is evidence of such fact on a motion for injunction.

2. SAME—INFRINGEMENT—SUBSEQUENT PATENT.

The fact of the granting of a patent has no tendency to show that the invention described in it does not infringe a prior patent.

In Equity. On motion for preliminary injunction.

*Dickerson & Dickerson,* for plaintiffs.

*George Gifford* and *J. Van Santvoord,* for defendants.

BLATCHFORD, C. J. Professor Seeley testifies that he practiced the process set forth in No. 250,247, using the exact proportions and materials specified therein, and produced thereby a product, a sample of which is Exhibit B. He says that Exhibit A (the defendants' article) seems to him to be identical with B; that he has tested them in various ways to determine their similarity; and that he is clearly of opinion that A is the product described in No. 250,247, and claimed in the first claim thereof. Professor Morton, for the defendants, does not say that A is not identical with B. What he says is that B is, manifestly, not the product obtained by following the directions of No. 250,247, and that he does not hesitate to say that B was not made by following said directions. Professor Chandler does not say that A is not identical with B. What he says is that he has examined B, and, from his knowledge and experience of the plaintiffs' process, is convinced that B was not made by said process. Dr. Endemann does not say that A is not identical with B. What he says is that he has found that B is a product which could not be produced by following the directions of No. 250,247. There is, therefore, no dispute as to the identity of A with B. The contention of the defendants is merely that B cannot be produced by following the directions in No. 250,247. Their experts do not exhibit any article which they say they produced by following the directions in No. 250,247, nor do they give any analysis of B.

In the interference before the patent-office, Professors Morton and Chandler testified that they had followed the directions given in Holliday's specification, and had been unable to produce what he

[*]Reported by S. Nelson White, Esq., of the New York bar.

claimed those directions would produce. The patent-office then directed Holliday to satisfy it that he could obtain the product claimed by the process described in his specification. The report of the examiner shows that in his presence Holliday, by following the directions of the specification and using fuming sulphuric acid, tested by Beaume's hydrometer, at over 69 deg., and almost exactly 70 deg., produced a true sulpho-conjugate acid salt of rosaniline, capable of being dyed in a hot acid bath and preserving its color; not passing into blue through crimson, and made from fuchsine by the reaction of fuming sulphuric acid thereon. This report was confirmed by the commissioner of patents, and he rejected the testimony of the chemists who said they had followed the instructions and had been unable to produce the alleged product. This very point, therefore, as to whether Holliday's description would make his product, was decided in his favor by the patent-office, on a direct issue as to it between him and Caro, whom the defendants represent. There is nothing more now presented on that subject than was before the patent-office, and, for the purposes of this motion, it must be held that it was made by following the Holliday description. The patent-office also decided that Caro's product and Holliday's product were identical. It does not appear that A is not the same thing which was before the patent-office as Caro's product. The patent-office also decided the question of priority of invention in favor of Holliday. Under such circumstances the plaintiffs are entitled to an injunction. *Hanford* v. *Westcott*, 16 O. G. 1181. The fact of the granting of a patent to Caro has no tendency to show that the product A, which is the same Caro product that was before the patent-office in interference, does not infringe No. 250,247.

The motion for a preliminary injunction is granted.