FILLEY *v.* LITTLEFIELD STOVE Co. and another.

(*Circuit Court, N. D. New York.* April 2, 1887.)

1. PATENTS FOR INVENTIONS — INFRINGEMENT — IMPROVED COOKING-STOVES — VENTILATED OVENS.

The first claim of letters patent No. 236,425, granted to Giles E. Filley, January 11, 1881, for an improvement in cooking-stoves, by having one or both of the stove-doors provided with wire-gauze, or finely-perforated metal, so as to create a draught, and the second claim of the same patent having the gauze or metal extending up and down the upper part, and also up and down the lower part, of the door, for the purpose described, are both valid.

2. SAME—REGISTER.

The second claim of letters patent No. 246,606, granted to Giles E. Filley, September 6, 1881, for an improvement in doors of stove-ovens, having a register and gauze, the register being arranged and extended so as to create a draught of air through the stove, is valid; but the first claim of the same patent, providing for a register arranged and extended through the main portion of the door, is void for want of invention. It cannot be construed to embrace the register in combination with the gauze, as it would then be a mere repetition of the second claim; and it being admitted that, prior to the invention, a small register had been used in oven-doors, there could be no invention in simply placing a large register in place of the smaller one.

**3.** SAME—INFRINGED BY LITTLEFIELD PATENT NO. 313,874.

The object of the first of the above patents being to introduce the outer air into the oven by means of a wire-gauze inserted in the door, so that the air will enter through the lower portion and pass out through the upper portion of the perforations, and in the second patent the object being to regulate the passage of the air through the gauze by means of a large register inserted in the oven-door, an oven-door constructed pursuant to the specification of patent No. 313,874, granted to D. C. Littlefield, March 17, 1885, is an infringement, although defendant, in manufacturing under the last-named patent, introduced an auxiliary flue to produce a stimulated draught, and used a gauze with a finer mesh than that employed by complainant.

In Equity.
*Paul Bakewell*, for complainant.
*D. G. Littlefield*, for defendants.

COXE, J. This is an equity action for infringement founded upon letters patent No. 236,425, granted to complainant, January 11, 1881, for an improvement in cooking-stoves, and upon letters patent No. 246,-606, granted to complainant, September 6, 1881, for an improvement in doors for stove-ovens. Prior to the invention described in the patent of January 11, 1881, the aim of manufacturers of cooking-stoves was to exclude the outer air from the oven by means of doors with air-tight joints. The complainant discovered the error of this theory, and his invention is based upon the proposition that the circulation of the outer air through the oven is highly beneficial in preventing shrinkage and drying, and in improving the flavor of the articles being cooked. Accordingly he provides the oven-doors of his stoves and ranges with wire-gauze, or finely-perforated metal, so that the air enters through the lower portion, and passes out through the upper portion, thus causing a circulation of air through the oven.

The claims of this patent are both involved, and are as follows:

"(1) A cooking-stove or range oven having one or both of its doors provided with wire-gauze, or finely-perforated metal, A, as and for the purpose described.

"(2) A cooking-stove or range oven having one or both of its doors provided with wire-gauze, or finely-perforated metal, such gauze or metal extending up and down the upper part, and also up and down the lower part, of the door, for the purposes described."

The patent of September 6th is for an improvement upon the mechanism described in the prior patent. The invention consists in providing a gauze oven-door with a register as large as the door will permit, and so arranged that the outer air will pass in at the lower openings, and out at the upper openings. In place of a rotating register, a slide register may be used.

The first two claims alone are involved. They are:

"(1) A cooking-stove or range oven door or doors having a register arranged, and extended through the main portion of the door, as and for the purpose set forth.

"(2) A cooking-stove or range oven door or doors having the register, B, and gauze, C; said register being arranged and extended as and for the purpose set forth."

The defenses are lack of novelty and non-infringement.

It is thought that the claims of the patent of January 11th and the second claim of the patent of September 6th are valid. There is nothing in the Roberts or Magee patents which anticipates or materially limits the scope of these claims. The complainant has made an invention which is clearly meritorious. The defense of lack of novelty is not established. The first claim of the September patent must, however, be held void for want of invention if the claim covers only the large register therein described. It is contended that it should be construed to cover the register in combination with the gauze, but this contention leaves out of sight the fact that it will then be simply a repetition of the second claim, and thus the patent will have two claims for the same combination. It was clearly the intention of the patentee to secure the extended register by the first claim, and the combination by the second. In both patents he states that, prior to his invention, a small register had been inserted in the center of oven-doors. In view of this admission, there can be no invention in placing a large register where there had previously been a small one. *Slawson* v. *Grand St. R. Co.*, 107 U. S. 649, 2 Sup. Ct. Rep. 663; *Phillips* v. *Page*, 24 How. 164.

Do the defendants infringe? In 1884 the complainant obtained a decree upon the patents in suit against the defendant Littlefield in the Eastern district of Missouri. The validity of the patents was not assailed, and the case turned solely upon the question of infringement. *Filley* v. *Littlefield*, 25 Fed. Rep. 282. The oven-door which was then held to infringe was the same as the device now before the court, except that the defendants insist that the wire-gauze was bent out so that it came in contact with the perforated metal-guard, thus destroying the air-circulating chamber between the two. A motion for a preliminary injunction was made in the case at bar, and was granted by the circuit judge in November, 1885. The question of infringement has therefore been answered twice in favor of the complainant.

The defendants' doors are constructed according to the principle described in letters patent No. 313,874, granted to D. C. Littlefield, March 17, 1885. It should be remembered that the purpose of the complainant in the first patent is to introduce the outer air into the oven of a cooking-stove by means of wire-gauze, or its equivalent, inserted in the door, so that the air will enter through the lower portion, and pass out through the upper portion, of the perforations; and in the second patent his object was to regulate the passage of the air through the gauze by means of a large register inserted in the oven-door. With these facts in mind, it will be seen that the defendants have adopted all the valuable features of the invention. The same result is produced in substantially the same way. The advantages attributed to the use of the defendants' door are identical with those described in the specifications of the patents. It is true that the defendants have added what is called an auxiliary flue, which produces a stimulated draught, but the addition of this element does not give them the right to use the invention. As well might it be urged that a party who has constructed a flume which pro-

duces an increased water-power has thus acquired the right to use a patented mill-wheel. The law upon this question is well settled. *Blake* v. *Robertson*, 94 U. S. 728, 733; *Cochrane* v. *Deener*, Id. 780, 786.

It is said, also, that the air, before it is introduced into the oven through the gauze, is heated by its passage through the perforations of the door, and by its contact with the heated air in the lower chamber of the door, between the outer perforated plate and the inner-gauze screen. But this statement is vigorously combated by the complainant; and, even if it were true that the outer air is slightly heated in passing through the inch or so of space between the metal and the gauze, it would not negative infringement. The defendants introduce the outer air into their oven through a gauze-panel, but before it reaches the gauze it passes through perforations in a metal-guard placed about an inch from the gauze. The addition of this plate does not enable the defendants to escape the charge of infringement. *Morey* v. *Lockwood*, 8 Wall. 230; *Elizabeth* v. *Pavement Co.*, 97 U. S. 126, 137. It is equally unimportant that the gauze used by the defendants has a finer mesh than that used by the complainant. The complainant does not confine himself to the use of gauze or metal containing perforations of any fixed size.

It follows that, as to the patent of January 11th, the complainant is entitled to a decree for an injunction and an account, and a similar decree as to the second claim of the patent of September 6th, upon filing a disclaimer as to the first claim. Walk. Patents, § 208. The question of costs can be determined upon the settlement of the decree.