POPE MANUF'G CO. *v.* GORMULLY & JEFFREY MANUF'G CO. *et al.*
(No. 845.)

*Circuit Court, N. D. Illinois.* April 30, 1888.)

1. PATENTS FOR INVENTIONS—ASSIGNMENT—SINGLE CLAIM.

It is competent for the patentee to assign a single claim only of the patent, and as to that to reserve to himself a shop-right; and such an assignment carries with it to the assignee the right to maintain a bill for an infringement of such claim so assigned.

2. SAME—PATENTABILITY—NOVELTY—VELOCIPEDE SEATS.

The second claim of letters patent No. 216,371, of June 3, 1878, for an "improvement in velocipedes," is, "in a velocipede, the adjustable hammock seat." *Held* void for want of novelty, hammock-seated saddles being old when the patent was granted, as evidenced by the Bishop saddle, the Miller patent of 1866, the Curry patent of 1867. the Harris patent of 1875, and the English patent of 1878 to Lamplugh and Brown.

3. SAME.

The first claim of letters patent No. 314,142, of March 17, 1885, to Thomas B. Kirkpatrick, for a "bicycle saddle," is "the combination, with the perch or backbone of a velocipede. or similar vehicle, of independent front and rear springs secured to such perch or backbone, and flexile seat suspended directly over said spring at the front and rear, respectively." *Held,* in view of the state of the art, as evidenced particularly by the Fowler patent of 1881, that the claim must be restricted to the special device for the bifurcated forward springs which are carried beyond the steering head.

In Equity. Bill for infringement.
Before GRESHAM, Circuit Judge, and BLODGETT, District Judge
*Coburn & Thacher,* for complainant.
*B. F. Thurston* and *Offield & Towle,* for respondents.

BLODGETT, J. The bill in this case charges the infringement by defendant of two letters patent owned by the complainant corporation, one being patent No. 216,371, granted to John Shire, June 3, 1878, for "an improvement in velocipedes;" and the other being patent No. 314,142, granted March 17, 1885, to Thomas B. Kirkpatrick, for a bicycle saddle. The Shire patent shows a hammock-seated saddle, the seat of the saddle being suspended at either end, and fastened at the rear to what is termed a "hammock block," which block is fastened to what the patentee calls a "fender," a part which, to some extent, takes the place in his structure of the backbone or reach of the ordinary velocipede; while the forward end of the saddle is fastened by a strap and buckle to a spring-bar connected with the bifurcated steering-head. The patent contains four claims, and infringement is only charged as to the second claim, which is: "(2) In a velocipede, the adjustable hammock seat, 1, substantially as set forth." The element of adjustability seems in this device to be obtained by means of the strap and buckle by which the hammock seat is fastened at its forward end. The Kirkpatrick patent is said in the specifications to consist "in a peculiar arrangement of front and rear springs, secured independently to the reach or backbone of the machine, in connection with the flexile seat suspended at the front and rear from said

springs;" and defendant is charged with infringement of the first claim, (there being six claims in the patent,) which is in the following words:

"(1) The combination with the perch or backbone of a velocipede, or similar vehicle, of independent front and rear springs, secured to such perch or backbone, and flexile seat suspended directly over said spring at the front and rear, respectively, substantially as set forth."

The defenses made are: (1) Want of title in the complainant to the Shire patent; (2) that both patents are void for want of novelty; (3) that the defendants do not infringe.

Complainants hold the Shire patent by virtue of an assignment from the patentee, John Shire, which is in the following words:

"Be it known that I, John Shire, of Detroit, Wayne county, Mich., for and in consideration of one dollar and other valuable considerations to me paid, do hereby sell and assign to Thomas J. Kirkpatrick, of Springfield, Clark county, Ohio, all my right, title, and interest in and to the letters patent on velocipedes granted to me June 16, 1879, and numbered 216,331, including all rights for past infringements, so far as said patent relates to or covers adjustable hammock seats or saddles, except the right to use said seat or saddle in the velocipedes made by me under said patent in my business in Detroit."

—And by an assignment from Kirkpatrick to the complainant.

It is objected that this assignment did not vest the title in Kirkpatrick, and therefore that complainant did not take from him any right, except the right to use one claim of the patent; and that therefore this is not such an assignment of the patent as makes the complainant the owner, and entitles it to bring suit for infringement. Defendants cite no case expressly in point which covers the case here made, but rely upon *McClurg* v. *Kingsland*, 1 How. 202; *Gayler* v. *Wilder*, 10 How. 477; and *Goodyear* v. *Railroad Co.*, 1 Fish. Pat. Cas. 626, where the rule is stated that the assignee of a patent cannot maintain a suit for infringement unless he is the owner of the entire patent either for the whole United States, or some specific portion of its territory. Each claim of the patent, standing by itself, is a separate patent for the device covered by that claim; and it seems to us that it is entirely competent for a patentee to assign the exclusive right to use so much of the patent as is covered by any one of its claims, and that this becomes an operative assignment under the patent laws to transfer the patent covered by that claim. The language of this assignment is broad and comprehensive enough to completely transfer all the rights of the patentee to the hammock-seat feature of his patent, saving to the assignor a mere shop-right for the city of Detroit; and hence we think this objection is not well taken.

As to the questions of novelty and infringement, it was not new at the time this patent was issued to make a hammock-seated saddle for bicycles, nor to make such seat adjustable. Hammock-seated animal saddles, are old, and are shown by the proof to have been well known long prior to the Shire patent, as is shown by defendants' "Exhibit Bishop," which shows a saddle patent issued in 1859, where there was a leather suspension saddle supported by spring attachments at the end; and, while nothing is said about adjustability, it is obvious that if adjustability were

desired it could have been easily secured in this Bishop device, without invention. The same may be said of the Miller patent of 1866, the Curry patent of 1867, and the Harris patent of 1875. The proof also shows that Lamplugh and Brown obtained a patent in England, in 1878, for a bicycle saddle which was suspended upon springs at each end; and, while nothing is said about adjustability, it is plain from the drawings 6 and 7 that it was as readily adjustable at the forward end as the Shire patent; Fig. 6 showing a connection at the forward end by means apparently of an iron strap with an eye-end, which engaged with an iron hook, upon the shank of which there was a screw-thread by which this hook could be shortened, so as to take up the slack; and, even if there was no special adjustibility provided for, it is clear that if adjustability became desirable or necessary it could have been obtained by substituting a leather strap or buckle in place of the iron strap, so as to secure the same kind of adjustability which is shown in the Shire patent. It therefore seems to us that so far as the hammock seat was concerned, and making such seat adjustable by means for taking up the slack, or even making it movable upon the reach of the bicycle, it had already been anticipated to such an extent in the art as to make this claim of the Shire patent void, or, if not void, only valid for the special device which was used; and, if valid for the special device, then clearly the defendant's device by which the hammock saddle is suspended at either end, does not infringe this second claim of the Shire patent.

The Kirkpatrick patent is described by the patentee in his specifications as an invention which "relates to that class of bicycle saddles in which a flexible seat is suspended directly over the saddle spring or springs, without the use of an intermediate saddle frame or tree; and my invention consists in a peculiar arrangement of front and rear springs, secured independently to the reach or backbone of the machine, in connection with the flexile seat suspended to the front and rear of said springs." As has already been said in regard to the Shire patent, it was not new at the date of the patent now under consideration to suspend the flexile seat of a velocipede or a bicycle saddle from springs, or fastenings, at each end. In other words, hammock seats, as they are called, were old, and the idea of suspending such seats was shown in the Veeder patent of 1882, the Shire patent of 1879, and the Lamplugh and Brown English patent of 1878; and, even if those patents did not show a suspension from springs at each end of the saddle or hammock, it is clearly and certainly shown in the Fowler patent of October, 1881, where a saddle seat is shown suspended from springs at each end. It may be that this Kirkpatrick patent can be sustained as a special device for the bifurcated forward springs which are carried beyond the steering head, and thereby the seat of the saddle is brought somewhat further ahead than is shown in saddles that are fastened to springs abaft the steering head or post; but the defendants do not use that form of bifurcated springs, and, if the patent can be sustained, it must be for that special device, and nothing else. Hence we conclude that, while it is possible that this first claim of the patent may not be absolutely void for want of novelty, yet it does

not cover the saddles used by the defendant, nor the manner in which they mount their saddles upon springs.

We are therefore of opinion that this suit should be dismissed for want of equity.