HERRICK et al. v. TRIPP GIANT LEVELLER CO.[1]

(Circuit Court of Appeals, First Circuit. October 12, 1893.)

No. 60.

1. APPEAL—REVIEW—OBJECTIONS NOT RAISED BELOW.
    Objections to the form of the bill, whether original or supplemental, and to the sufficiency of the allegations thereof, cannot be taken in the appellate court for the first time.

2. PATENTS—VALIDITY—BEATING-OUT MACHINES.
    The Cutcheon patent, No. 384,893, for beating out the soles of boots and shoes, is valid as to claims 1 and 3. 52 Fed. 147, affirmed.

Appeal from the Circuit Court of the United States for the District of Massachusetts.

In Equity. Suit by the Tripp Giant Leveller Company against George W. Herrick, Frederick W. Herrick, and George H. Herrick, doing business as George W. Herrick & Co., for infringement of letters patent No. 384,893, issued June 19, 1888, to Cutcheon & Johnson, as assignees of James C. Cutcheon. The patent, which is for a machine for beating out the soles of boots and shoes, was sustained by the court below, and infringement declared. See 52 Fed. 147, where the opinion below is reported under the title of Cutcheon et al. v. Herrick et al. Defendants appeal. Modified and affirmed.

Charles Allan Taber and Thomas W. Porter, for appellants.
Alexander P. Browne, for appellee.

Before PUTNAM, Circuit Judge, and NELSON and WEBB, District Judges.

PER CURIAM. The objections made by the appellants touching the form of the bill, whether supplemental or original, and those as to the sufficiency of the allegations of the bill, were not raised in the court below, and cannot be taken for the first time in this court.

The court below was right in holding that the first and third claims of the Cutcheon patent were valid, and were infringed by the machine used by the appellants; that the iron last in the appellants' machine was a mechanical equivalent for the jack of the patent; and that there was no sufficient proof that the stop mechanism of the third claim was in use by others prior to October 28, 1887,

[1] Rehearing denied November 16, 1893.

the date of the application for the patent.    See the opinion of the court below in Cutcheon v. Herrick, 52 Fed. 147.

As only the first and third claims of the patent were in controversy, the decree of the court below is to be modified so as to extend to those claims only; otherwise, the decree of the court below is affirmed, with costs.