TRIPP GIANT LEVELER CO. v. ROGERS. SAME v. WEEKS. SAME v. NOYES. SAME v. PORTSMOUTH SHOE CO. SAME v. BRESNAHAN et al.

(Circuit Court, D. Massachusetts. March 14, 1894.)

Nos. 3,077, 3,078, 3,079, 3,080, and 3081.

**1. PATENTS—DEFINITION OF "AUTOMATIC."**
The word "automatic," as used in the mechanical arts and the patent law. means self-acting, or the elimination of human agency or volition, which results in the saving of labor, and increased certainty and uniformity of result; but does not include all contrivances, such as a wheelbarrow, which are operative for the purposes designed, under any applied force, whether muscular or otherwise.

**2. SAME—INVENTION—BEATING-OUT MACHINES.**
The Cutcheon patent, No. 384,893, for an automatic machine for beating out the soles of boots and shoes covers a patentable invention.

These were five suits for infringement of a patent. They were brought by the Tripp Giant Leveler Company against the following defendants, respectively, viz. Clarence A. Rogers, Perley Weeks, John M. Noyes, the Portsmouth Shoe Company, and Maurice V. Bresnahan and others.

Alexander P. Browne, for complainant.
Thomas W. Porter, for defendants.

COLT, Circuit Judge. By a decision of the circuit court of appeals for this circuit (Herrick v. Leveller Co., 8 C. C. A. 475, 60 Fed. 80), affirming the decision of the circuit court (52 Fed. 147), the Cutcheon patent No. 384,893, dated June 19, 1888, was held to be valid. This patent has been assigned to the complainant, who now brings the present suits against various defendants, charging infringement. In these suits additional evidence of the prior state of the art has been introduced, and the validity of the patent is again contested.

The Cutcheon machine belongs to that type of beating-out machines in which the sole of a shoe is shaped by direct pressure upon all parts of its surface. The last, with the shoe applied to it, is pressed forcibly and directly against a correspondingly shaped mold, and then left standing for a short interval of time so that the sole not only assumes the shape of the last and mold, but its shape becomes, so to speak, set or fixed, and is consequently retained. The improvement of Cutcheon consists in organizing in a machine of this class two jacks and two molds in such a manner that one jack is automatically moved in one direction, while the other jack is being moved in the other direction; the effect being that the sole of the shoe on one jack will be under pressure, while the shoe on the other jack will be in a convenient position for removal. This is clearly described in the first claim of the patent:

"A machine for beating out the soles of boots and shoes, provided with two jacks, two molds, and means, substantially as described, having provision for automatically moving one jack in one direction while the other is being

moved in the opposite direction, whereby the sole of the shoe upon one jack will be under pressure, while the other jack will be in a convenient position for the removal of the shoe therefrom."

There are two patents in the present record not before the court in the prior case, which call for consideration. There was a patent granted to Elias Blaney, in 1871, for a single-section direct-pressure machine, in which the shoe and last traveled inwardly into a line opposite the mold. The mold then moved downward, and pressed upon the shoe, then upward to its former position, and the shoe then moved outward to the point whence it started. This machine was automatic, in the sense that when once set in motion it did all its work without further intervention of the operator; but only one shoe could be placed in the machine at a time, and when the machine stopped the shoe was not under pressure.

The other patent was issued to William A. Perkins, in 1874. This was for a hand-operating machine, which contained two molds, one of which moved down upon one shoe to press it, while the other moved away from the other shoe. While this machine contained two molds and two jacks, it did not have the connecting mechanism of Cutcheon which renders his machine automatic. In the Perkins machine the amount of pressure, and the whole operation of beating out, depended upon the judgment and manual force exerted by the operator. It was not automatic, for the same reason that a hand press is not automatic.

Although the Tripp machine was before the court in the former suit as an anticipation of the Cutcheon patent, it is again strenuously urged as a defense in these suits. Upon this point it is sufficient to observe that the Tripp machine is a machine of another type, known as a "rolling-pressure machine;" and that it differs substantially in construction and mode of operation from the direct-pressure machine of Cutcheon.

There is nothing in the prior art as disclosed in this record which anticipates the invention of Cutcheon. Its merit is found in the conception of a new automatic feature in a direct-pressure machine. This result is accomplished by an arrangement of knuckle joints and connecting mechanism in connection with two jacks and two molds. Jacks, molds, knuckle joints, and all the elements of this machine may have been old, but Cutcheon was the first to so combine them together as to produce the result described. It is a well-settled rule of patent law that a patent for a combination of old elements is not to be held void for want of novelty simply because the separate elements of the combination may be old. Invention often lies in the direction of making a machine more automatic. By automatic is meant self-acting, or the elimination of human agency or volition, which results in the saving of labor, and increased certainty and uniformity of operation. This is the sense in which the term is used in the mechanical arts and in the patent law, and I cannot agree with the position of defendant's expert who seeks to detract from the merits of the Cutcheon invention by maintaining the broad doctrine that all contrivances are automatic which are

operative for the purposes designed under any applied force, whether muscular or otherwise, and which, therefore, include a wheelbarrow and hand press in the category of automatic machines.

A decree may be entered for the complainant in each of the above cases, adjudging the first claim of the Cutcheon patent to be valid, and that the defendants infringe the same, and ordering an injunction and account.