TRIPP GIANT LEVELLER CO. v. BRESNAHAN et al.

(Circuit Court, D. Massachusetts. December 9, 1895.)

1 PATENTS—INFRINGEMENT—MECHANICAL EQUIVALENTS—MACHINES FOR BEATING OUT THE SOLES OF BOOTS AND SHOES.
   Where the essence of the invention in a beating-out machine consists in the automatic movement of one jack in one direction while the other

jack is being moved in the other direction, so that the sole of the shoe on one jack will be under pressure while the sole of that on the other will be in a convenient position for removal, the employment, in place of a toggle joint and arms connecting the crank shaft with each jack, of a crank and connecting rod as a means of imparting motion to the jacks, is the mere substitution of a mechanical equivalent.

2. SAME—STRUCTURAL DIFFERENCES.

The omission of a catch to hold down a treadle when depressed, so that the operator himself must hold it down, and the employment of two treadles in place of one, where one operates equally well, does not avoid infringement, when the essential point is that, by depressing the treadle, the machine is automatically stopped upon each half revolution of the crank shaft.

3. SAME—BEATING-OUT MACHINES.

The Cutcheon patent, No. 384,893, for an improvement in machines for beating out the soles of boots and shoes, *held* infringed as to claim 1.

This was a bill in equity by the Tripp Giant Leveller Company against Morris V. Bresnahan and others for alleged infringement of a patent. The cause was heard upon a motion for a preliminary injunction.

Alex. P. Browne, for complainant.

Thos. W. Porter, for defendants.

COLT, Circuit Judge. The Cutcheon patent, No. 384,893, now in suit, which has been assigned to the complainant, is for an improvement in machines for beating out the soles of boots and shoes. The first and third claims of the patent were held to be valid in Cutcheon v. Herrick, 52 Fed. 147. This decision was affirmed by the circuit court of appeals, in Herrick v. Leveller Co., 8 C. C. A. 475, 60 Fed. 80. Subsequently the patent came before the court again for consideration in five cases, which were heard together. 61 Fed. 289. One of these cases was against the present defendant Bresnahan. In the latter cases the court, in its opinion, said:

"The Cutcheon machine belongs to that type of beating-out machines in which the sole of a shoe is shaped by direct pressure upon all parts of its surface. The last, with the shoe applied to it, is pressed forcibly and directly against a correspondingly shaped mould, and then left standing for a short interval of time, so that the sole not only assumes the shape of the last and mould, but its shape becomes, so to speak, set or fixed, and is consequently retained. The improvement of Cutcheon consists in organizing, in a machine of this class, two jacks and two moulds in such a manner that one jack is automatically moved in one direction while the other jack is being moved in the other direction; the effect being that the sole of the shoe on one jack will be under pressure while the shoe on the other jack will be in a convenient position for removal. This is clearly described in the first claim of the patent: 'A machine for beating out the soles of boots and shoes, provided with two jacks, two moulds, and means, substantially as described, having provision for automatically moving one jack in one direction while the other is being moved in the opposite direction, whereby the sole of the shoe upon one jack will be under pressure while the other jack will be in a convenient position for the removal of the shoe therefrom.' * * * There is nothing in the prior art, as disclosed in this record, which anticipates the invention of Cutcheon. Its merit is found in the conception of a new automatic feature in a direct-pressure machine. This result is accomplished by an arrangement of knuckle joints and connecting mechanism in connection with two jacks and two moulds."

The present case narrows itself down to the single question whether the defendants' machine, as now constructed, is within the first claim of the Cutcheon patent. The patent is for an improved, duplex, direct-pressure, beating-out machine, and the essence of the invention resides in the automatic movement whereby one jack is moved in one direction while the other jack is being moved in the other direction, so that the sole of the shoe on one jack will be under pressure while the sole of the shoe on the other jack will be in a convenient position for removal. It would seem that all the essential features of the machine described in the Cutcheon patent are found in the defendants' machine. In both machines there are two jacks, operated simultaneously in opposite directions by a shaft having opposite throws. In both machines there is a lever operating a clutch-controlling mechanism and brake mechanism. In both machines the lever is normally held up by a spring, and when so held the brake is applied and the clutch is disengaged. In both machines the depression of the lever by means of a treadle releases the brake, engages the clutch, and starts the machine in operation. In both machines the reverse or upward movement of the lever applies the brake, releases the clutch, and stops the machine. In both machines the lever, at the end of each half revolution of the shaft, without the intervention of the operator, or automatically, rises and stops the machine. The differences between the two machines consist mainly in the specific form of connecting mechanism between the crank shaft and the jacks, and in the form of the treadles. In place of the toggle joint and arms connecting the crank shaft with each jack described in the Cutcheon patent, the defendants have substituted a crank and connecting rod. The complainant insists that the latter mechanism may be properly termed a "toggle joint"; but whether this is strictly true or not, as a question of nomenclature, the devices have substantially the same mode of operation, and may be regarded as mechanical equivalents.

The specific construction of the treadle is also different in the defendants' machine, though the mode of operation is in substance the same. In the defendants' machine, the operator must hold the treadle down until the machine stops, while in the Cutcheon machine the treadle, when depressed, is held down by a catch until the machine is stopped. The difference between the two devices lies in the absence of the catch in the defendants' treadle. The essential point, however, is this: that in both devices, when the treadle is depressed, the machine is automatically stopped upon each half revolution of the crank shaft. It is this automatic stop movement when the lever is depressed which is the essential characteristic of the Cutcheon device, and which is also found in the defendants' machine. The use of two treadles by the defendants, instead of one, I regard as immaterial. It appears that the machine will operate equally well with one treadle. The first claim of the Cutcheon patent is not limited to any specific form of treadle, and I do not think, therefore, that this change in the form of mechanism in this part of the machine should relieve the defendants from the

charge of infringement while they still retain the automatic stop feature of the Cutcheon patent.

In spite of the changes made in the construction of the defendants' machine, I must hold that it still infringes the first claim of the Cutcheon patent, as heretofore construed by the court. The motion for preliminary injunction is granted.