NEW YORK,
May, 1827.

Davenport
v.
Wheeler.

DAVENPORT and BARNS *against* WHEELER and BURGESS

ON certiorari from a justice's court.

The facts are sufficiently stated in the opinion of this court.

*Denio,* for the plaintiffs in error, cited 2 John. 207; 13 id. 359; 12 id. 165; 5 B. & P. 61.

*A. C. Griswold,* contra.

*Curia.* Wheeler & Burgess sued Davenport & Barns, in the court below; and declared on a contract in these words:

"Agreed to sell D. Davenport & Co. at the toll-house near Rome, 200 barrels of good salt, at 11s. 10d. per barrel, within 30 days, payable on delivery. Salina, Oct. 10th, 1821.

WHEELER & BURGESS.

"We agree to pay for the above on delivery.

D. DAENPORT & Co."

The whole salt was never delivered; but only 136 barrels and 180 lbs.; and some portion of this, as it appeared by the receipts, was delivered after the time. This was *admitted, and neither party pretended that the contract had been strictly fulfilled, on either side.

On the 16th of January, 1822, the plaintiffs below sent, by one Matthews, to the defendants below for a check for the balance due on salt actually delivered; and the defendants stated an account, crediting · the plaintiffs with the [*232] ly stated an account, and drew a check for the balance, and sent it by a messenger to W. & B., one of whom objected, to the messenger, that the balance was too small; but received the check, and obtained the money. In an action by the vendors, brought several months afterwards: held, that they were, by this transaction, concluded as to the amount of the goods; that it was equivalent to an *insimul computassent;* and that, therefore, the vendors could not recover.

Where the plaintiffs in a justice's court declared on a special contract; *held,* that they could not recover upon evidence applicable to the general counts only; such evidence being objected to. To warrant a recovery upon a special contract to pay for goods to be delivered within a certain ttme, and at a certain place, they must all be delivered or tendered within that time, and at that place. A part delivery and acceptance, before and some after the time, will not maintain the action. D. & B., owed W. & B., for goods, the price of which was not liquidated by the agreement of the parties. The former paid part, and final-

NEW YORK,
May, 1827.
──────────
Davenport
v.
Wheeler.

whole 200 barrels, as if delivered, at $295 83 ; and debting
them with cash,                                                $74 96
(As to certain salt received at Salina.)   Trans·
     portation 31 1-2 barrels,                            11 15
63 100-280 blls. sold at 18s.                                 142 55
                                              228 66
For balance, the deft's. check, ·                              67 17
                                              295 83

The plaintiffs received the check, one of them objecting
to the messenger, but not to the defendants, that the sum
of the check was too small, or rather, as the messenger
testified, " he appeared to be dissatisfied with the amount,
as not sufficient to pay the claim of the plaintiffs." No
objection was communicated to the defendants till several
months after ; when the suit was brought.

At the trial, the plaintiffs offered to. show the price of
salt at the time the contract was to have been performed.
The defendants objected to the testimony on two grounds :
1. Because the plaintiffs were not entitled to recover on
the contract ; as they had not proved a performance on
their part ; and 2. Because they had accepted the check in
full satisfaction of the contract. The objection was over·
ruled. Testimony as to price was received ; and the justice
finally gave judgment for the plaintiffs below, for $15 39
damages.

That branch of the objection which says the plaintiffs
were not entitled to recover on their contract, for want of
showing performance, is fatal. They had declared on the
special contract alone. They inserted no general counts ;
and it was not pretended that they had performed. A
delivery, or an offer to deliver, within the 30 days, at the
*Rome toll-house, was necessary. They had done nothing
like a performance.

[*233]

But suppose they had a proper count ; and were entitled
to recover on a *quantum meruit* for goods sold ; both parties
having waived and disregarded the special contract, (though
of this there is some doubt.) The answer is, that the de-
fendants had stated an account, and drawn a check for the

balance, which the plaintiffs had accepted upon the footing of a balance stated, with the particulars in their possession without objection for several months. Having violated the contract, (suppose on both sides,) the matter rested in compromise. No express contract remained to fix the precise amount. One offers, and the other accepts a certain sum as the true balance. We say accepts; because complaining to the letter-bearer was nothing. It never reached the defendants. It was paid and received as in full. To avoid this consequence, the check should have been rejected; or, at least, notice given that it had been received only in part payment. The debt was unliquidated in its nature. But, by the acts of the parties, it was liquidated and paid. They ought not afterwards to be allowed to go into evidence upon it. The defendants had concluded themselves, clearly, by their accepted offer of compromise. The plaintiffs ought to be equally concluded. There could be no mistake. The whole account was before them. After such a long silence, especially, they should not be allowed to open the account.

In either view, the justice erred; and the judgment below should be reversed.[1]

Judgment reversed.

[1] Agreement to deliver 20 bushels of wheat, at $2 per bushel, on or before such a day, at such a time as may be agreeable to the seller, action lies not till a delivery of the whole, though a part be delivered before the time. And if a person order several articles from a tradesman at the same time, though at distinct prices, he may consider the whole as forming one order, and he will not be obliged to accept or pay for any particular article, unless all the rest are furnished on the terms agreed on; but if he accept of any one article, he is precluded from saying the order was entire, and he will be obliged to accept and pay for so many as are individually furnished according to the contract. But where there are mutual covenants or agreements, and by the terms of the contract, performance in full on the one part, is to precede payment on the other, an action will not lie for a part performance; and accordingly in *Champlin* v. *Rowley*, (18 Wen. 187,) where it appeared that a contract was made for the sale and delivery, within a given period, of 100 tons of pressed hay, to be paid for at a specified price per ton, part in advance, and the residue when the whole quantity should be delivered, and the vendor within the time stipulated, delivered only about one half of the specified quantity, and then brought his action to recover for the quantity delivered,

NEW YORK,
May, 1827.

at the stipulated price; it was held that the delivery of the whole quantity was a condition precedent, and that the plaintiff was not entitled to sustain the action—the defendant on his part not having waived or prevented a full performance. And where a contract for the sale and delivery of personal property, specifies the quantity, price, and time of performance, the vendor is not entitled to recover under a *quantum meruit* for a portion less than the whole quantity agreed to be delivered, notwithstanding the vendee has consented to a variation of the contract as to price and time of performance. And in such a case the plaintiff cannot avail himself of an account, stated by the vendee, crediting the vendor with the quantity delivered at the stipulated price, and charging nim with a certain sum as damages sustained by the failure of an entire performance, where he refused to settle with the vendee on the basis of such account stated. (16 Wen. 632.) Cowen's Tr. pt. 1, 2d ed. p. 103.

See Waterman's Tr. p. 12.