### ADAM *v.* NORRIS.

1. A patent issued upon a confirmed Mexican grant is in the nature of a conveyance by way of quitclaim. It is conclusive only as between the parties thereto, and is evidence that, as against the United States, the validity of the grant has been established. *Miller* v. *Dale* (92 U. S. 473) cited and approved.
2. Where a survey and a patent thereon are founded upon a superior Mexican grant, the rights of a party thereunder are not concluded by a prior survey to other claimants.
3. A patent issued upon a survey of a grant was returned by the grantee to the Commissioner of the General Land-Office, who ordered another survey. *Held,* that the patent issued upon the last survey is not rendered invalid because, in addition to lands not covered by the prior patent, it purports to convey those which were so covered.
4. A pleading which would be cured by verdict, is good after a finding by the court to which the trial of the issue was submitted by the stipulation of the parties.

ERROR to the Circuit Court of the United States for the District of California.

The facts are stated in the opinion of the court.

*Mr. S. F. Leib* for the plaintiffs in error.

*Mr. Benjamin S. Brooks* and *Mr. James K. Redington,* contra.

MR. JUSTICE MILLER delivered the opinion of the court.

This was an action to recover possession of land, brought by Adam and Schuman in the District Court of the State of

California for the County of Santa Barbara, but removed on the petition of Norris and the other defendants into the Circuit Court of the United States for the District of California, where, by agreement of the parties, it was tried without a jury. The court made a finding setting forth all the facts on which the title of each party rests. There was a judgment for the defendants. Adam and Schuman sued out this writ.

The case is one dependent strictly on the legal title. Each party is supported by a patent from the United States issued upon a confirmed Mexican grant, and by a survey approved by the General Land-Office. Each patent includes the land in controversy. The explanation of this is, that while the grants were in the main for different tracts of land, they interfere and overlap when the lines of each are clearly ascertained.

The defendants hold under a grant of the Rancho Guadalupe from the Mexican government, dated March 21, 1840, to Teodoro Arrellanes and Diego Olivera, a decree of the District Court of the United States for California confirming that claim May 12, 1857, and a patent from the United States, dated March 1, 1870.

The plaintiffs assert title under a grant of that government of the Rancho La Punta de la Laguna, dated Dec. 29, 1844, to Louis Arrellanes and Eusides Miguel Ortega, which was confirmed by the District Court May 2, 1854, and a patent issued thereon Oct. 2, 1873.

If this were all, it would seem clear that the defendants, being in possession of the land under the older patent from the United States, and the older grant from the government of Mexico, the judgment of the Circuit Court should be affirmed. To this view the plaintiffs assign several objections as errors, some of which we will notice.

1. The survey on which the plaintiffs' patent was issued having been approved by the surveyor-general Jan. 29, 1861, and publication of it, under the act of June 14, 1860, duly made in February and March, 1861, the plaintiffs insist that as no objection was made to it, it became final and conclusive at that time, while that on which defendants' patent was issued was approved by the surveyor-general in June, 1867.

The act of Congress of June 14, 1860, c. 128 (12 Stat. 33),

required the surveyor-general, whenever a survey of a confirmed Mexican grant had been approved by him, to make a publication of the survey for a prescribed time, which should be held to be notice to everybody of what it included. Any one desiring to contest the correctness of this survey could, on a proper application, have it removed or filed in the District Court of the United States, where the objection to it should be heard and determined, and, if necessary, corrected by a new survey or otherwise. The fifth section of the act then declares that "the said plat and survey, so finally determined by publication, order, or decree, as the case may be, shall have the same effect and validity in law as if a patent for the land so surveyed had been issued by the United States."

Counsel for the plaintiffs has argued that a patent from the United States is final and conclusive on everybody, and that the title which it confers cannot be disputed in a court of law.

No doubt, where the patent is for land to which the government had an undisputed title, the proposition is generally, if not always, true. But the United States, in dealing with parties claiming, under Mexican grants, lands within the territory ceded by the treaty of Mexico, never made pretence that it was the owner of them. When, therefore, guided by the action of the tribunals established to pass upon the validity of these alleged grants, the government issued a patent, it was in the nature of a quitclaim, — an admission that the rightful ownership had never been in the United States, but had passed at the time of the cession to the claimant, or to those under whom he claimed. This principle has been more than once clearly announced in this court. The leading cases are *Beard* v. *Federy*, 3 Wall. 478; *Henshaw* v. *Bissell*, 18 id. 255; *Miller* v. *Dale*, 92 U. S. 473.

Such a patent was, therefore, conclusive evidence only as between the United States and the grantee that the latter had established the validity of the grant.

The last of the cases above cited gives the history of the act of June 14, 1860, and holds that the effect of a compliance with the act is limited to the establishment of the conformity of the survey to the decree of confirmation, which fact could

not afterwards be disputed by any one who, under that act, had opportunity to contest it before the District Court.

We do not think, therefore, if the defendants' survey and patent are based upon a superior Mexican grant, that their rights are concluded by the prior survey of the plaintiffs.

2. It is insisted that a patent was issued in 1866, on a survey of the Guadalupe grant, which did not include the lands in controversy; that this action terminated the authority of the land-office in the matter; and that the subsequent survey and patent of 1870, which do include them, are, therefore, void.

It is not necessary to decide whether the refusal of the grantee to accept the patent in the present case, and his return of it to the Commissioner of the General Land-Office, who ordered a new survey, remove the objection here made, though it is not easy to see why his refusal to accept the patent, and his consent to its return, before intervening rights had accrued to any one, did not authorize a correction of any defect in that patent.

This is, in effect, what was done, and whether the patent of 1866 is still a valid patent, or is no longer of any force, cannot affect this case. If it be valid as to the land covered by it, that does not make void the patent of 1870 for land not covered by it.

If the conveyance of 1866 passed the title to the claimants of a part of the land covered by their confirmed grant, there is no reason why an additional patent should not convey the remainder when the proper officer became satisfied that the first did not convey all that had been confirmed to them. Nor is the last patent rendered invalid because, in addition to the land not conveyed by the first patent, it purports to convey also what was already patented.

In short, it is but the common case of a grantor who, having failed to convey what he was bound to convey, makes another deed to correct the wrong. The deeds are not in conflict. If the power of the land-office was exhausted by the first deed, it was only so as to the land which it included. The legal title to that alone could pass by that patent, and if the title to the land now in question remained in the government, the patent of 1870 was sufficient to convey it.

We think the error is not well assigned.

The only other assignment which requires notice is, that judgment should, on the pleading, have been rendered for the plaintiffs.

Plaintiffs averred that they were the owners of a certain large tract of land. That held by defendants was but a small part of this, and they, by their answer, did not set out their own metes and bounds, or any description of what they held, but denied that plaintiffs were the owners and entitled to *all* the land described in the complaint.

It is said that this made an immaterial issue; for if plaintiffs owned the land in possession of defendants, it was not necessary to prove their ownership of what lay outside of that, though claimed in their petition.

This objection was not made in the case before the Circuit Court. The case was submitted to the court, which found all the facts necessary to decide the question of title to the land held by defendants. We think it is too late to raise this technical question after a full hearing and finding by the court of all the facts pertinent to the case. The pleading would be good after verdict. *A multo fortiori* is it good after this finding, and on appeal, with no attempt to correct it in the court below.

*Judgment affirmed.*