MISSOURI PAC. RY. CO. v. OLESON.

(Circuit Court of Appeals, Eighth Circuit. March 23, 1914.)

No. 4010.

*(Syllabus by the Court.)*

1. APPEAL AND ERROR (§ 866*)—REVIEW—REFUSAL TO DIRECT VERDICT.

The question presented in a national appellate court on a challenge of a refusal to direct a verdict is not whether or not there is any evidence to sustain the verdict rendered, but it is (1) whether or not there was substantial evidence to sustain it, and (2) whether or not the evidence in support of the verdict requested was so conclusive that, in the exercise of a sound judicial discretion, the court should not sustain the verdict rendered. It is the duty of the trial court to direct a verdict at the close of the trial when the evidence is undisputed and when, upon a question of fact it is so clearly preponderant, or of such a conclusive character, that the court would be bound in the exercise of a sound judicial discretion to set aside a verdict in opposition to it.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3467–3475; Dec. Dig. § 866.*]

2. TRIAL (§ 68*)—REVIEW—REOPENING CASE—DISCRETION OF COURT.

The reopening of a case after the trial is closed to permit further evidence is a pernicious practice, but it is within the sound judicial discre-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

tion of the trial court in exceptional cases and is fatal only in the case of an abuse of that discretion.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 158–163; Dec. Dig. § 68.*]

Hook, Circuit Judge, dissenting in part.

In Error to the District Court of the United States for the District of Nebraska; Thos. C. Munger, Judge.

Action by Ole Oleson against the Missouri Pacific Railway Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Edgar M. Morsman, Jr., of Omaha, Neb., for plaintiff in error.

Brown, Baxter & Van Dusen and M. L. Donovan, all of Omaha, Neb., for defendant in error.

Before SANBORN and HOOK, Circuit Judges, and POPE, District Judge.

SANBORN, Circuit Judge. The defendant below, the Missouri Pacific Railway Company, specifies two errors in this case, that the court denied its motion at the close of the trial to direct a verdict in its favor, and that after the evidence was closed, and after the defendant had made its motion for a directed verdict the court permitted counsel to recall the plaintiff and to introduce his testimony relative to the location of the leaning post over which he had testified that he fell.

In his complaint the plaintiff alleged that he stumbled, fell, and broke his leg over a leaning post placed by the railway company so near and permitted by it to lean over the sidewalk on the public street so long that it was thereby guilty of negligence that caused his injury. The defendant denied the allegations of the complaint and averred that, if the plaintiff was injured, his own negligence directly contributed to cause that injury.

[1] The question presented in a national appellate court on a challenge of a refusal to direct a verdict is not whether or not there is any evidence to sustain the verdict rendered. It is (1) whether or not there was substantial evidence to sustain that verdict, and (2) whether or not the evidence in support of the verdict requested was so conclusive that in the exercise of a sound judicial discretion the court should not sustain a contrary verdict. It is the duty of the trial court to direct a verdict at the close of a trial when the evidence is undisputed and when, upon a question of fact, it is so clearly preponderant or of such a conclusive character that the court would be bound in the exercise of a sound judicial discretion to set aside the verdict in opposition to it. Canadian Northern Ry. Co. v. Senske, 201 Fed. 637, 644, 120 C. C. A. 65, 72; Southern Pacific Co. v. Pool, 160 U. S. 438, 440, 16 Sup. Ct. 338, 40 L. Ed. 485; Union Pacific R. R. Co. v. McDonald, 152 U. S. 262, 283, 14 Sup. Ct. 619, 38 L. Ed. 434; Delaware, Lackawanna & Western R. R. Co. v. Converse, 139 U. S. 469, 11 Sup. Ct. 569, 35 L. Ed. 213; Patillo v. Allen-West Commission Co., 131 Fed. 680, 686, 65 C. C. A. 508, 514; Chicago Great Western

Ry. Co. v. Roddy, 131 Fed. 712, 713, 65 C. C. A. 470, 471; Woodward v. Chicago, Milwaukee & St. Paul Ry. Co., 145 Fed. 577, 578, 75 C. C. A. 591, 592. An examination of the evidence in the record before us has convinced that this case falls within neither of these classes. There was substantial evidence before the jury that the defendant constructed a spur track from its main track westerly over the south half of a city block to the east side of Eighteenth street in the city of Omaha, where it placed a beam near or over the end of this track, one end of which beam rested against the east side of a stump and the other end against the east side of a post to stop and prevent the cars from running off the end of the track; that this post was a railroad tie or a larger timber set on end in the ground 2 or 3 feet and extending upright 3 or 4 feet above the ground; that in the course of time it had become cracked and bent westward so that the top of it extended over the sidewalk from 12 to 18 inches and was about 21 inches above it; that this post had been in this leaning position for at least 25 days before the accident; that the plaintiff in the evening of March 15, 1912, was walking along this sidewalk, which was covered with 12 to 17 inches of snow, when one of his feet slipped under the post and he fell over it and broke his leg. This evidence, though met by testimony and circumstances which challenge it and which may be conceded to have rendered the findings upon the issues in the case doubtful, failed to present a case in which there was no conflict in the evidence or one in which the evidence that the defendant was free from causal negligence, or that the plaintiff was guilty of contributory negligence, was so conclusive in favor of the defendant that the court below should, in the exercise of a sound judicial discretion, have set aside the verdict for the plaintiff. A recital of the material evidence, its digest and analysis, would furnish no precedent in subsequent cases, and hence would serve no useful purpose, and it is sufficient to say that, when taken all together, this evidence presented fair questions of fact for the jury, and there was no error in the refusal of the court to direct them to return a verdict for the defendant.

[2] Nor was there reversible error in the permission granted the plaintiff, after the motion for a directed verdict had been made at the close of the trial to reopen the case and testify again regarding the exact location of the leaning post. At the opening of the trial he had testified that the post over which he fell was at the end of the south of two spur tracks that ended on the east side of Eighteenth street, and thereafter testimony that this post was at the end of the north track, and that it was the only post in the block which projected over Eighteenth street, had been received. To remove controversy relative to its exact location, the court permitted him to return to the stand and to testify that the post was at the end of the south rail of the north track. The record is convincing that if this ruling were error, it did not prejudice and could not have prejudiced the defendant because the undisputed proof was that there was but one post on the block where this accident happened, leaning over the sidewalk on the east side of Eighteenth street, and its exact location was immaterial. The reopening of a case after the trial is closed to permit further evi-

dence is a pernicious practice, but it is within the sound judicial discretion of the trial court in exceptional cases and is fatal to the trial only where there has been an abuse of that discretion. Alaska United Gold Min. Co. v. Keating, 116 Fed. 561, 565, 53 C. C. A. 655, 659. The reopening of the trial of this case was so harmless that it constituted no such abuse, and the judgment below must be affirmed.

It is so ordered.

HOOK, Circuit Judge. I concur in the foregoing except the statement that the reopening of a case after the trial is closed is a pernicious practice. Like every judicial power it should be carefully exercised to promote justice, but I doubt that what has long been authoritatively settled as resting in the sound discretion of trial courts should be so characterized.